UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ASHLEY NICHOLE MAJOR BARES, ET AL.	CIVIL ACTION NO.

VERSUS

19-707-JWD-EWD

PROGRESSIVE GULF INSURANCE
COMPANY, ET AL.

## NOTICE AND ORDER

On or about September 5, 2019, plaintiffs, Ashley Nichole Major Bares and James Wesley Major ("Plaintiffs") filed a Petition for Damages for the Wrongful Death and Survival Action of James D. Major, Jr. (the "Petition") against Progressive Gulf Insurance Company ("Progressive"); Beezy Trucking, LLC ("Beezy"); Roy M. Jones ("Jones"); Cashiola, Inc. and/or Cash's Casino, Inc. d/b/a Cash's Truck Plaza ("Cash's"); and ABC Insurance Company.

Per the Petition, Plaintiffs allege that Jones, while in the course and scope of his employment with Beezy, unloaded and left four trailer loads of sand on a private driveway known as "Plaza West Drive/Future Street" in West Baton Rouge Parish, Louisiana (the "Roadway")[1] and that Decedent, while operating a three-wheeler, "slammed into a load of sand left in the roadway…causing [Decedent's] three-wheeler to flip, throwing him off the three-wheeler and causing blunt force trauma to [Decedent's] head" ultimately resulting in Decedent's death.[2] Plaintiffs allege that although the Roadway was "a private driveway located on property owned by" Cash's, the "local motoring public" used the Roadway with the permission and knowledge of Cash's and that Cash's had "given permission to [Jones] and/or otherwise instructed [Jones] to unload the sand onto" the Roadway.[3]

---

[1] R. Doc. 1-2, p. 2 ¶ 5.

[2] R. Doc. 1-2, p. 3, ¶ 7.

[3] R. Doc. 1-2, pp. 2-3, ¶¶ 6 & 8.

1

On October 14, 2019, Beezy and Jones ("Removing Defendants") filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the properly joined parties are completely diverse. Although the Notice of Removal includes adequate allegations regarding the citizenship of Plaintiffs, Beezy, and Jones, Removing Defendants do not adequately allege the citizenship of Progressive.[4] Further, although Removing Defendants allege that Cash's is non-diverse from Plaintiffs, Removing Defendants contend that Cash's is improperly joined such that Cash's citizenship should be disregarded.[5]

With respect to Progressive, Removing Defendants allege that Progressive "is a foreign insurer organized under the laws of the State of Ohio."[6] This is an insufficient allegation of Progressive's citizenship. In the event Progressive is a limited liability company or other type of unincorporated association, Removing Defendants must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[7] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated

---

[4] R. Doc. 1. The Removing Defendants allege that: (1) Plaintiffs are domiciled in Louisiana; (2) Beezy is a limited liability company whose sole member is domiciled in Mississippi; and (3) Jones is a domiciliary of Mississippi. R. Doc. 1-2, p. 2, ¶¶ 5-7. The Removing Defendants do not set forth the citizenship of ABC Insurance Company. However, the citizenship of a fictitious defendant such as ABC Insurance Company is disregarded for purposes of determining whether an action is removable based on jurisdiction under § 1332. *See*, 28 U.S.C. 1441(b)(1).

[5] R. Doc. 1, ¶ 9.

[6] R. Doc. 1, ¶ 8.

[7] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

association.⁸ In the event Progressive is a corporation, Progressive's principal place of business and state of incorporation must be alleged.⁹

With respect to Cash's, Removing Defendants aver that there is no reasonable possibility of recovery against Cash's because "the accident did not occur on any property owned or controlled by Cash's. Cash's does not own any portion of the land which is to the east of the former Wal Mart Store, and does not own any portion of the road which runs north south to the east of the former Wal Mart store where the sand was dumped."¹⁰ Removing Defendants further assert that "Cash's never instructed any person to unload sand on any property. Neither Cash's or any of its representatives knew sand had been dumped on the roadway located to the east of the former Wal Mart in Port Allen, Louisiana…until representatives of the West Baton Rouge Parish Sheriff's office came to Cash's to investigate the accident…."¹¹ Removing Defendants conclude that "[b]ecause Cash's did not own, operate, or control the 'Plaza West Drive/Future Street' where the accident occurred, there is no reasonable basis of recovery against them. As such, Cash's was improperly joined and their citizenship should not be considered."¹²

The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."¹³ "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"¹⁴ and "[a]ny doubts regarding whether removal jurisdiction is

---

⁸ *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

⁹ *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

¹⁰ R. Doc. 1, ¶ 12.

¹¹ R. Doc. 1, ¶ 13.

¹² R. Doc. 1, ¶ 15.

¹³ *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

¹⁴ *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)). *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)

proper should be resolved against federal jurisdiction."[15] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[16] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[17]

Here, Removing Defendants appear to rely on the second method of establishing improper joinder. A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[18] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19]

---

("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

[15] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[16] *Smallwood v. Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[17] *Id*.

[18] *Smallwood*, 385 F.3d at 573.

[19] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[20] Here, this Court cannot ensure the existence of federal subject matter jurisdiction until Progressive's citizenship is adequately alleged and the issue of Cash's joinder is resolved. Accordingly,

**IT IS HEREBY ORDERED** that on or before **October 25, 2019**, Beezy Trucking, LLC and Roy M. Jones shall file a Motion to Substitute the Notice of Removal with a Notice of Removal that adequately alleges the citizenship of Progressive.

**IT IS FURTHER ORDERED** that on or before **November 7, 2019**, Plaintiffs shall file either: (1) a Motion to Remand based on lack of subject matter jurisdiction, addressing the alleged improper joinder of Cashiola, Inc. and/or Cash's Casino, Inc. d/b/a Cash's Truck Plaza ("Cash's"); or (2) an Amended Complaint deleting all claims against Cash's.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 17, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").

[20] *Fontenot v. Albemarle Corp.*, 181 F3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).