# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**ASHLEY NICHOLE MAJOR BARES, ET AL.**               **CIVIL ACTION NO.**

**VERSUS**

**19-707-JWD-EWD**

**PROGRESSIVE GULF INSURANCE**
**COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 28, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ASHLEY NICHOLE MAJOR BARES, ET AL.**   **CIVIL ACTION NO.**

**VERSUS**

**19-707-JWD-EWD**

**PROGRESSIVE GULF INSURANCE COMPANY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Leave to File First Supplemental and Amending Petition ("Motion for Leave"), filed by Ashley Nicole Major Bares and James Wesley Major (collectively, "Plaintiffs") on January 23, 2020.[1] Through the Motion for Leave, Plaintiffs seek to name a non-diverse party, COSOGI, L.L.C. ("COSOGI"), as an additional defendant.[2] The Motion for Leave is unopposed.[3]

For the following reasons, the undersigned recommends[4] that the unopposed Motion for Leave to Amend be **GRANTED**, allowing Plaintiffs to file their First Supplemental and Amending Complaint.[5] Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties and the matter should be **REMANDED** to the 18th Judicial District

---

[1] R. Doc. 17.
[2] R. Doc. 26-1.
[3] Cashiola, Inc. ("Cash") filed an opposition to the Motion for Leave (R. Doc. 22) but later requested that its opposition be withdrawn after it reviewed this Court's opinion in *Francis v. Monroe*, No. 17-24, 2017 WL 4232963 (M.D. La. Sept. 25, 2017). R. Doc. 30. The Court granted Cash's request and withdrew Cash's opposition. R. Doc. 31. More than 21 days have passed since the filling of the Motion for Leave, and no other defendant has filed an opposition.
[4] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiffs' Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued relative to such motion. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).
[5] R. Doc. 26-1. Although styled as Plaintiffs' "Third Amended Complaint," Plaintiffs have not previously amended their complaint, so the Court will refer to this document as Plaintiffs' "Proposed Complaint" or "First Supplemental and Amending Complaint."

Court for the Parish of West Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction under 28 U.S.C. § 1332(a).[6] As such, the undersigned further recommends that the pending Motion to Remand,[7] filed by Plaintiffs, be **DENIED AS MOOT**.

## I.     BACKGROUND

On September 5, 2019, Plaintiffs filed a Petition for Damages for the Wrongful Death and Survival Action of James D. Major, Jr.[8] ("Petition") against Cash, Progressive Gulf Insurance Company ("Progressive"), Beezy Trucking, LLC ("Beezy"), Roy M. Jones ("Jones"), and ABC Insurance Company.[9] Plaintiffs allege that Jones, while in the course and scope of his employment with Beezy, unloaded and left four trailer loads of sand on a private driveway known as "Plaza West Drive/Future Street" in West Baton Rouge Parish, Louisiana (the "Roadway")[10] and that Decedent, while operating a three-wheeler, "slammed into a load of sand left in the [R]oadway…causing [Decedent's] three-wheeler to flip, throwing him off the three-wheeler and causing blunt force trauma to [Decedent's] head" ultimately resulting in Decedent's death.[11] Plaintiffs allege that although the Roadway was "a private driveway located on property owned by" Cash, the "local motoring public" used the Roadway with Cash's permission and knowledge and that Cash had "given permission to [Jones] and/or otherwise instructed [Jones] to unload the sand onto" the Roadway.[12]

On November 14, 2019, Beezy and Jones removed this matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332. They allege that Cash, although a citizen of Louisiana,

---

[6] Because the Motion for Leave, if granted, would require that this matter be remanded to state court, the undersigned raised this issue with the parties during a March 6, 2020 telephone conference. R. Doc. 28, n. 20.
[7] R. Doc. 11.
[8] R. Doc. 1-1. James D. Major, Jr. is Plaintiffs' father, and he is referred to as "Decedent."
[9] Progressive, Beezy, Jones, Cash, and ABC Insurance Company are collectively referred to as "Defendants."
[10] R. Doc. 1-2, p. 2 ¶ 5.
[11] R. Doc. 1-2, p. 3, ¶ 7.
[12] R. Doc. 1-2, pp. 2-3, ¶¶ 6, 8.

is improperly joined—and its citizenship should be disregarded for diversity purposes—because Cash did not own the Roadway[13] such that there is no reasonable possibility of recovery against Cash.[14] The propriety of Cash's joinder is the subject of a *sua sponte* Order[15] and a pending Motion to Remand, filed by Plaintiffs.[16]

A telephone conference was held on October 25, 2019 to discuss issues raised in Beezy and Jones' letter,[17] including Plaintiffs' ability to respond to this Court's October 17, 2019 Order and the scope of allowable discovery.[18] About three months after that telephone conference, Plaintiffs filed the Motion for Leave to Amend, seeking to amend their complaint to add COSOGI as a defendant. According to Plaintiffs, "an investigation revealed" COSOGI is the owner of the Property.[19]

The allegations in Plaintiff's First Supplemental and Amending Petition for Damages as to COSOGI's citizenship were deficient, so the Court ordered Plaintiffs to file a motion to substitute their proposed First Supplemental and Amending Petition for Damages with one that properly alleges the citizenship of COSOGI.[20] Plaintiffs subsequently filed a Motion to Substitute Previously Filed Second Amended Complaint ("Motion to Substitute"), seeking to substitute the

---

[13] R. Doc. 1, ¶¶ 9-15. With their Notice of Removal, Beezy and Jones also filed an Affidavit of Harlan J. Cashiola, who is the secretary/treasurer of Cash, disclaiming ownership of the Roadway. R. Doc. 1-3, p. 2.
[14] Specifically, in their Notice of Removal, Beezy and Jones aver that there is no reasonable possibility of recovery against Cash because (1) the "accident did not occur on any property owned or controlled" by Cash, (2) Cash "did not own, operate, or control the [Roadway] where the accident occurred," and (3) Cash "never instructed any person to unload sand on any property" and did not know "sand had been dumped on the [Roadway]…until representatives of the West Baton Rouge Parish Sheriff's office came to [Cash] to investigate the accident…" R. Doc. 1, ¶¶ 12, 13, 15.
[15] R. Doc. 6. Considering Beezy and Jones' assertion that there is no reasonable possibility of recovery against Cash, Plaintiffs were ordered to file, on or before November 7, 2019, a Motion to Remand based on lack of subject matter jurisdiction or an Amended Complaint removing all claims against Cash. R. Doc. 6, p. 5. On October 23, 2019, Plaintiffs filed a Motion to Remand arguing that Cash is liable despite not owning the Roadway. R. Doc. 11.
[16] R. Doc. 11. Cash filed an opposition to the Motion to Remand. R. Doc. 14.
[17] R. Doc. 9.
[18] R. Doc. 13
[19] R. Doc. 17, ¶ 3. Plaintiffs also allege that Cash provided proof that it did not own the Roadway, but Plaintiffs nonetheless maintained their claims against Cash because Cash is "the only business enterprise that actually benefitted from the use of the [R]oadway owned by COSOGI, L.L.C….[so] both Cash's [sic] and COSOGI, L.L.C. share liability" to Plaintiffs. *Id*. at ¶¶ 2, 4.
[20] R. Doc. 18.

proposed amended complaint (R. Doc. 17-1) attached to the Motion for Leave with a proposed amended complaint (R. Doc. 26-1) that correctly and adequately alleges the citizenship of COSOGI.[21] The Court granted the Motion to Substitute, and R. Doc. 26-1[22] became in the operative proposed amended complaint ("Proposed Complaint") in connection with Plaintiff's Motion for Leave.[23] Per the Proposed Complaint, Plaintiffs assert claims related to Decedent's accident, injuries, and ultimate death against COSOGI, Cash, and the other Defendants under various theories of liability.[24]

Cash filed an opposition to the Motion for Leave, arguing that application of the *Hensgens*[25] factors supports denying amendment.[26] After a telephone conference,[27] Cash filed a Motion to withdraw its opposition,[28] which the Court granted.[29] No other Defendant opposed the Motion for Leave. Accordingly, Plaintiff's Motion for Leave is unopposed.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[30]

---

[21] R. Doc. 26. In response to multiple Court orders (R. Docs. 18, 20, 23, 25), Plaintiffs filed a series of motions to substitute a previously filed proposed amended complaint in an effort to address deficiencies with their citizenship allegations as to COSOGI. R. Docs. 19, 21, 26. Plaintiffs' first motion (R. Doc. 19) was denied without prejudice. R. Doc. 20. The motion to substitute that correctly adequately alleges the citizenship of COSOGI's members was granted. R. Doc. 27. The other motion to substitute (R. Doc. 21) was terminated as moot.
[22] Plaintiffs titled this document the "Third Amended Complaint."
[23] R. Doc. 27.
[24] R. Doc 26-1. Plaintiffs' claims against COSOGI and Cash relate to their purported status as owner and beneficiary of the Roadway, respectively. *Id*. at ¶¶ 6-8, 11. Plaintiffs allege that Jones dumped the sand on the Roadway, while in the course and scope of his employment with Beezy. *Id*. at ¶¶ 2-5, 7-8, 10, 12. Plaintiffs further allege that Progressive provided "insurance covering the negligent acts of [Jones] and [Beezy]." *Id*. at ¶ 13.
[25] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182-83 (5th Cir. 1987).
[26] R. Doc. 22. Although the opposition is styled as an opposition to the Motion to Substitute, the Court construes Cash's opposition as an opposition to Plaintiff's Motion for Leave. Further, while Cash briefed all four *Hensgens* factors, the main thrust of Cash's argument is that Plaintiffs were not diligent in filing an amended complaint adding COSOGI to this case. *Id*. at pp. 3-6.
[27] R. Doc. 28.
[28] R. Doc. 29.
[29] R. Doc. 31.
[30] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*,

4

However, when a post-removal amendment would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[31]

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[32] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[33] Applying these factors, the *Hensgens* court held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.[34]

Beezy and Jones removed the matter to this Court on the basis that diversity jurisdiction

---

427 F.3d 987, 994 (5th Cir. 2005) ("[a] district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted).

[31] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).

[32] *Hensgens*, 833 F.2d at 1182.

[33] *Id*.

[34] *Id.* In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.*, Civil Action No. 07-516, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).

exists under 28 U.S.C. § 1332.[35] Per the Proposed Complaint, Plaintiffs are citizens of Louisiana for diversity jurisdiction purposes.[36] Plaintiffs allege that COSOGI is a Louisiana limited liability company with three members: (1) Cohn Associates, L.L.C., whose members are (a) Ian J. Cohn, a citizen of New York, and (b) Lauren Fouros, a citizen of New York; (2) Sophie Properties, L.L.C., who members are (a) Ruth Rosenthal Bilbe, a Louisiana citizen, (b) Andrew Scott Rosenthal, a Pennsylvania citizen, and (c) Samuel Mark Rosenthal, a New York citizen; and (3) Gilmore Realty, L.L.C., whose sole member is Linda Golden Gilmore, a Massachusetts citizen.[37] Thus, COSOGI is a citizen of Louisiana, Massachusetts, New York, and Pennsylvania for diversity jurisdiction purposes.[38] Because the addition of COSOGI as a defendant would destroy this Court's subject matter jurisdiction, the Court must apply the *Hensgens* factors to determine whether Plaintiffs' post-removal Motion for Leave, seeking to amend their petition to add a non-diverse defendant, should be granted and this matter remanded.

Significantly, no party currently opposes the addition of COSOGI as a defendant.[39] Further, all four *Hensgens* factors weigh in favor of granting Plaintiffs' Motion for Leave and allowing them to add COSOGI as a defendant. First, there is no indication that Plaintiffs' joinder of COSOGI is merely an effort to diversity jurisdiction. Plaintiff's original Petition alleges that

---

[35] R. Doc. 1. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181.
[36] R. Doc. 26-1, at introductory paragraph (Plaintiffs are "major domiciliaries of the State of Louisiana"). *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (With respect to individuals, "[f]or diversity purposes, citizenship means domicile…").
[37] R. Doc. 26-1, p. 2.
[38] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 20170 ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC…involved in the litigation."); *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.* (noting that district courts have held that "when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do can result in dismissal for want of jurisdiction." (citations omitted)).
[39] *See* footnote 3, *supra*.

6

Cash, a Louisiana citizen like Plaintiffs, is liable—in whole or in part—for their injuries. Although Beezy and Jones removed this matter, contending that Cash was improperly joined, Plaintiffs have vigorously maintained that Cash is, and was, properly joined.[40]

Additionally, Plaintiffs request to add COSOGI followed Cash and the other defendants' claims that someone other than Cash owned the Roadway where Decedent's accident occurred.[41] Likewise, in their pending Motion to Remand, Plaintiffs expressed their intent to "add additional Louisiana defendants should it be found that [Cash] had a contractual agreement with the owner of the [Roadway] where the sand was first dumped (Cosagi, LLC) [sic]…"[42] For these same reasons, it also does not appear that this case involves a futile amendment, nor is there any information to suggest that Plaintiffs had information about the identity of the owner of the Roadway before removal.[43]

Second, it does not appear that Plaintiffs have been dilatory in requesting this amendment. While there was about a three-month delay between removal and the Motion for Leave to Amend, some of this time was devoted to the parties' efforts to investigate and engage in limited discovery regarding the owner of the Roadway, considering Cash's assertion that it is not the owner.[44]

---

[40] R. Doc. 11-1, pp. 2-6.
[41] *See, e.g.*, R. Doc. ¶¶ 10-15 ("Based on [Cash's investigation of where the accident occurred], the accident did not occur on any property owned or controlled by Cash"); R. Doc. 1-3 (Affidavit of Harlan J. Cashiola, secretary/treasurer of Cash, disclaiming ownership of the Roadway); R. Doc. 14, pp. 2-6 (explaining that Cash is improperly joined because it did not own the Roadway, as stated in the Affidavit of Harlan J. Cashiola (R. Doc. 1-3) and the public records attached to Plaintiff's Motion to Remand (R. Doc. 11-5)); R. Doc. 17, ¶ 2-3 ("Defendant [Cash] provided proof that [Decedent] was not killed on Cash's roadway because [Cash] did not own the land. An investigation revealed that the roadway on which [Decedent was killed was actually owned by COSOGI, L.L.C., a Louisiana corporation…").
[42] R. Doc. 11-1, p. 6.
[43] *Cf. Rass v. AHA Huts, LLC*, No. 18-835, 2019 WL 2720217 (M.D. La. June 5, 2019); *Darr v. Amerisure Ins. Co.*, No. 16-232, 2016 WL 5110267 (M.D. La. Aug. 31, 2016).
[44] *See* R. Doc. 9 (letter from counsel raising the possibility of taking depositions related to the parties' ability to respond to this Court's October 17, 2019 Notice and Order (R. Doc. 6)); R. Doc. 13, pp. 2-4, and n. 3 ("The parties are not precluded from engaging in discovery by mutual agreement"); R. Doc. 17, ¶ 2 (Cash "provided proof" that it did not own the Roadway), and ¶ 3 ("[a]n investigation revealed that the [Roadway]…was actually owned by COSOGI, L.L.C.).

Plaintiffs sought leave to add COSOGI once they identified it as the purported owner of the Roadway. Further, no scheduling order has been entered, so no pretrial or trial dates have been scheduled and no significant activity beyond the pleadings stage has occurred.

The third *Hensgens* factor looks at the prejudice to Plaintiffs if leave to amend is denied.[45] "Considerations of cost, judicial efficiency and possible inconsistency of results militate not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances."[46] If leave is denied here, Plaintiffs may be forced to litigate their claims against COSOGI in a separate forum from the other Defendants, though Plaintiffs allege all Defendants "share liability in the death of [Decedent]."[47] These considerations favor granting Plaintiffs' request for leave, considering that Plaintiffs' amendment does not appear futile. The equities also favor granting Plaintiffs leave to amend their complaint and then remanding these proceedings to state court. Accordingly, it is recommended that Plaintiffs be granted leave to file their Proposed Complaint (R. Doc. 26-1) and that upon the filing of that complaint, this matter be remanded.

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth herein, **IT IS RECOMMENDED** that the Motion for Leave to File First Supplemental and Amending Petition,[48] filed by Plaintiffs, Ashley Nicole Major Bares and James Wesley Major, be **GRANTED** and this matter be **REMANDED** to the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

---

[45] *Hensgens*, 833 F.2d at 1182. *See also Darr*, 2016 WL 5110267, at *8 (M.D. La. Aug. 31, 2016).
[46] *Darr*, 2016 WL 5110267, at *8 (quoting *Joseph v. Fluor Corp.*, 513 F.Supp.2d 664, 670 (E.D. La. 2007)).
[47] R. Doc. 17, ¶ 4.
[48] R. Doc. 17.

**IT IS FURTHER RECOMMENDED** that the Motion to Remand,[49] filed by Plaintiffs, Ashley Nicole Major Bares and James Wesley Major, be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on March 28, 2020.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 11.

9